Filed 7/7/21  P. v. Hodge CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DAMIEN HODGE,<br><br>　　Defendant and Appellant. | B305189<br><br>(Los Angeles County<br>　Super. Ct. No. MA077232) |

APPEAL from an order of the Superior Court of Los Angeles County.  Alan Z. Yudkowsky, Temporary Judge. (Pursuant to Cal. Cons., art. VI, § 21.)  Affirmed in part; reversed in part and remanded with directions.

Carolyn D. Phillips, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Damien Hodge appeals from his conviction by jury of assaulting his girlfriend and attempting to dissuade her from testifying against him.  He was sentenced to an eight-year prison term.  He contends the court violated his constitutional rights by failing to obtain a knowing and voluntary waiver before he admitted a prior strike allegation, and the court abused its discretion in denying his motion brought pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  Defendant further argues the sentencing minute order and abstract of judgment must be amended to correct several errors.

 We agree that a limited reversal is warranted to allow for a new trial on the prior conviction allegation or for the court to obtain a knowing and voluntary admission of the strike prior consistent with applicable law and this opinion.  We also agree the sentencing minute order and abstract of judgment contain errors.  As for defendant's *Romero* motion, we conclude the trial court did not abuse its discretion in denying the motion.

We reverse and remand with directions to the superior court to vacate the sentence and to conduct a new trial limited to the prior conviction allegation, or to obtain a knowing and voluntary admission, and to conduct a new sentencing hearing thereafter.  Defendant's conviction is affirmed in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with one count of injuring a spouse or girlfriend (Pen. Code, § 273.5, subd. (a); count 1) and one count of dissuading a witness (§ 136.1, subd. (b)(1); count 2).  It was also alleged defendant had suffered two prior strike convictions, one in 2005 for assault (§ 245, subd. (a)(1)) and the other in 2014

2

for burglary (§ 459). The burglary conviction was also alleged as a prison prior (§ 667.5, subd. (b)). On the eve of trial, the court granted the prosecution's request to amend the information to add a third count—a felony charge for assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 3). The prosecution did not pursue the 2014 burglary conviction as a strike prior, presumably because it had been reduced to a misdemeanor under Proposition 47. The prison prior allegation also was not pursued in light of amendments to section 667.5.

The charges arose from a domestic violence incident that occurred in the early morning hours of September 13, 2019, sometime around 3:30. Defendant was at the apartment of his then-girlfriend, Shanna M. Two of Shanna's neighbors, Taina Tapia who lived next door, and Karen Rivas-Sanchez who lived directly below, both heard a loud commotion from inside Shanna's apartment that went on for several minutes.

Ms. Tapia, who had become friends with Shanna since she moved in, was awake despite the hour when she heard yelling and loud noises through the common wall. Something or someone bumped into the wall or onto the floor so hard that it caused some of Ms. Tapia's pictures to fall off her wall. Ms. Tapia heard Shanna repeatedly scream, "Stop, you're choking me." Defendant yelled "shut up" several times. When the fighting did not stop, Ms. Tapia went next door and knocked loudly on both the door and front window. She yelled several times trying to get their attention to no avail. When things got quiet, Ms. Tapia got worried and called 911.

Ms. Rivas-Sanchez was awakened by a loud bang. She heard yelling and what sounded like people running around in Shanna's apartment. Ms. Rivas-Sanchez heard Shanna

repeatedly pleading with someone to "please stop" and she heard a male voice saying "shut the f--k up." She saw Ms. Tapia knocking on Shanna's door and yelling very loudly, asking if Shanna was alright but no one answered the door. She heard Ms. Tapia say she was going to call the police. Ms. Rivas-Sanchez also decided to call 911.

Los Angeles County deputy sheriffs arrived on the scene. They knocked repeatedly on Shanna's door and announced their presence. After not receiving any response, they kicked in the door. Defendant was yelling at Shanna to tell the deputies everything was fine and to go away. Shanna was crying and reluctant to speak to the deputies. After defendant was handcuffed and placed in a patrol car, Shanna said she and defendant had an argument and he pushed her to the ground but would not say anything else. Deputy Robert Waterman noticed Shanna had red marks on the front of her neck and her voice was raspy consistent with having been choked.

Ms. Tapia spoke with Shanna after defendant had been taken away by the deputies. Shanna showed Ms. Tapia red marks on her neck, arms and hands and said defendant had left those marks on her. Shanna also told Ms. Tapia that defendant threatened her with a hammer.

The parties orally stipulated to Commissioner Yudkowsky sitting as the trial judge. The jury trial began in December 2019. The court granted defendant's request to bifurcate trial of the prior conviction allegation.

Ms. Tapia, Ms. Rivas-Sanchez and Deputy Waterman testified to the above facts at trial. Shanna testified and denied that defendant had assaulted her. She said they were having sex and got into a verbal argument, that defendant pushed her and

4

she fell into the swamp cooler in their apartment, knocking it down and causing a loud noise. She denied screaming that defendant was choking her, that he threatened her with a hammer or that she had red marks on her neck, arms and hands when the deputies arrived. Shanna said she gets red marks sometimes from eczema.

Defendant testified he went to Shanna's apartment that evening and they got into an argument while having sex. He said Shanna was badgering him and when he stood up from the bed, he bumped or shoved her and she fell against the swamp cooler. The swamp cooler was heavy and made a loud noise when it fell to the ground. Defendant denied hitting or attempting to strangle Shanna.

The jury found defendant guilty of dissuading a witness and of assault by means of force likely to produce great bodily injury (counts 2 & 3) and acquitted him on count 1.

The court denied defendant's *Romero* motion and found defendant admitted his 2005 prior conviction. We reserve a more detailed discussion of the facts regarding the admission of the 2005 strike prior to part one of the Discussion below. The court sentenced defendant to eight years in prison (a four-year upper term on count 3, doubled due to the strike, plus a concurrent two-year midterm doubled on count 2). The court imposed various fines and fees and awarded defendant 183 days of presentence custody credits.

This appeal followed. We granted defendant's motion to augment the appellate record to include a copy of the minute order from the superior court amending his presentence custody credits to reflect a total of 304 days (instead of 183 days).

## DISCUSSION

## 1. The Prior Conviction Allegation

Admission of a prior conviction allegation, like a guilty plea, requires a defendant to intelligently and voluntarily waive his or her constitutional trial rights, including the right to trial by jury, the right to confrontation of witnesses, and the privilege against self-incrimination. (See *People v. Farwell* (2018) 5 Cal.5th 295, 299-303 (*Farwell*).) The waiver of these constitutional rights is commonly referred to as a *Boykin/Tahl* waiver (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122).

Respondent concedes the trial court failed to obtain a *Boykin/Tahl* waiver from defendant and that a limited reversal and remand for a trial on the prior strike allegation is warranted.

In *Farwell*, *supra*, 5 Cal.5th 295, our Supreme Court reaffirmed the principle that while explicit *Boykin/Tahl* admonitions and waivers are not required, the record must nonetheless affirmatively "demonstrate that the defendant voluntarily and intelligently waived his constitutional trial rights." (*Farwell,* at p. 300.) We agree with the parties that the record here does not affirmatively show defendant voluntarily and intelligently waived his constitutional rights with respect to trial of the prior strike allegation.

At the start of trial, the court granted defendant's request to bifurcate the trial of the prior strike allegation. Defense counsel stated he "assume[d]" his client would also be willing to waive jury but no further discussion of the issue or any waiver appears in the record at that time. Defendant's trial brief included the statement that "[c]ounsel believe[d]" defendant would stipulate to the prior strike allegation. After the jury

6

returned its verdict on the substantive charges, the jury was dismissed before any waiver of the right to a jury trial on the bifurcated prior strike was obtained from defendant. Then, in discussing scheduling for the sentencing hearing, the court indicated they would "deal with the priors" at the sentencing hearing. Again, there is no colloquy on the record with defendant regarding his right to a jury trial on the prior strike allegation.

When the parties returned for sentencing, the prosecutor stated she did not believe defendant had admitted the prior strike—a point to which defense counsel agreed. The court said it believed defense counsel "made the admission" in his sentencing memorandum. The court asked defense counsel if defendant was prepared to admit the prior strike and defense counsel said, "I believe so." Immediately thereafter, with no further discussion, defendant said "Yes, sir." The court accepted that as an admission and proceeded to a ruling on defendant's *Romero* motion.

After the court denied the *Romero* motion, the prosecutor interrupted again and sought to clarify that the prior strike allegation at issue was a 2005 conviction in Los Angeles Superior Court for a violation of Penal Code section 245, subdivision (a)(1) (assault with a deadly weapon). The court asked defendant if he admitted that conviction and defendant said yes. There is nothing else in the record demonstrating defendant's understanding of his trial rights with respect to the prior strike allegation or his knowing waiver of those rights.

Defendant had experience in the criminal justice system and had just participated in a jury trial on the substantive charge, but there is nothing to indicate he was aware he had the same trial rights with respect to the prior strike allegation. A

7

limited reversal for a new trial on the prior strike allegation is warranted.  In the alternative, the court may obtain a knowing and voluntary waiver and admission from defendant consistent with applicable law and this opinion.  Thereafter, the court shall conduct a new sentencing hearing and prepare and forward a new abstract of judgment to the Department of Corrections and Rehabilitation.  We express no opinion as to the appropriate sentence to be imposed.

## 2.    The *Romero* Motion

Defendant contends the trial court abused its discretion in refusing to strike his 2005 assault conviction because the court failed to consider all the relevant factors set forth in *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*) and relied on false and irrelevant factors.  (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1141 ["abuse of discretion may be found where a trial court considers impermissible factors, and, conversely, does not consider relevant ones"].)  We are not persuaded.

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under [Penal Code] section 1385 is subject to review for abuse of discretion."  (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)

In *Williams*, *supra*, 17 Cal.4th at page 161, our Supreme Court explained that a trial court, in determining whether to strike a prior serious or violent felony conviction, "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be

8

treated as though he had not previously been convicted of one or more serious and/or violent felonies."

The trial court concluded defendant did not fall outside the spirit of the Three Strikes law, reasoning that defendant minimized the violent character of his 2005 strike prior (assault with a deadly weapon), denied that the present charges occurred, had an extensive criminal history throughout his adult life, and had numerous probation and parole violations which demonstrated that defendant, despite opportunities, "has not been deterred from further criminal activity. . . .  [¶]  Taking the totality of the defendant's circumstances into account, this court cannot conclude that the strike conviction should be dismissed in the interest of justice."

Defendant contends the court relied on false information because in reciting defendant's criminal history, the court referred to two felonies (a 2013 narcotics possession and a 2014 burglary) even though both had been reduced to misdemeanors after the passage of Proposition 47, and because the court asserted that defendant had used a weapon.  Defendant also argues the court failed to take into consideration the remoteness of the 2005 strike, his history of substance abuse, the fact that most of his convictions were for drug-related misdemeanors, and the fact he had no convictions involving violence since the 2005 strike for assault committed when he was 23 years old.

Respondent urges us to find the argument was forfeited to the extent defendant failed to argue the two felonies had been reduced to misdemeanors or that the court failed to consider all relevant *Williams* factors.  We decline to find forfeiture because defendant raised the issues, albeit very briefly, in his written motion.

9

Defendant has not shown the court abused its discretion. In reciting the reasons for its rulings, the court is not required to comment upon every possible factor considered. The court explained its reasoning, focusing on the factors most relevant to it in concluding a denial of the motion was warranted. The court stated defendant had been armed as one factor, the only evidence of which was the testimony of Ms. Tapia that Shanna had reported defendant threatened her with a hammer. We do not believe this establishes the court relied on inaccurate information or that it otherwise undercuts the validity of the court's ruling.

## 3. The Abstract of Judgment

The sentencing minute order and the abstract of judgment incorrectly state that defendant's assault conviction (count 3) is a serious and violent felony. These errors should be corrected on remand and not duplicated in the new sentencing order and abstract of judgment prepared by the court after resentencing defendant.

## DISPOSITION

The sentence is vacated and the case remanded with directions to the superior court to hold a new trial on the prior conviction allegation or obtain a knowing and voluntary waiver and admission of the prior conviction from defendant in accordance with applicable law and this opinion. Thereafter, the superior court shall hold a new sentencing hearing and shall prepare and forward a new abstract of judgment to the Department of Corrections and Rehabilitation. Pending the new sentencing hearing, the court is ordered to correct the error in the original sentencing minute order and abstract of judgment that incorrectly states the conviction on count 3 was a serious and violent felony.

10

The judgment of conviction is affirmed in all other respects.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.



OHTA, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.